IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------ :
LARRY R. HENSLEY,                                : CASE NO. 1:04 CV 921
                                                 :
                              Petitioner,        :
                                                 : <u>MEMORANDUM OF OPINION AND</u>
             -vs-                                : <u>ORDER ADOPTING REPORT AND</u>
                                                 : <u>RECOMMENDATION AND DISMISSING</u>
                                                 : <u>HABEAS PETITION</u>
CHRISTINE MONEY, Warden,                         :
                                                 :
                              Respondent.        :
------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     Before this court is Larry R. Hensley's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. (Docket #1). This case was automatically referred to United States Magistrate Judge Patricia A. Hemann for a Report and Recommendation ("R&R"). (Docket #6). On 20 October 2004, respondent filed a motion to dismiss Mr. Hensley's petition as time-barred. (Docket #12). Magistrate Judge Hemann considered the petition, respondent's motion to dismiss, and Mr. Hensley's traverse. (Docket #1, #12, and #19). On 7 January 2005, Magistrate Judge Hemann filed her R&R, recommending that the petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)'s one-year statute of limitations. (Docket #20). Petitioner then filed objections to the R&R. (Docket #23). Respondent did not file a response.

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews de novo the portion of the Magistrate Judge's report and recommendation to which specific objection was made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Since AEDPA's one-year statute of limitations period began to run on 1 June 2002, ninety days after the Ohio Supreme Court dismissed Mr. Hensley's appeal, Magistrate Judge Hemann concluded that Mr. Hensley's 17 May 2004 federal habeas petition was untimely. (Docket #20, at 9-10). Relying on Israfil v. Russell, 276 F. 3d 768 (6th Cir. 2001), the Magistrate Judge rejected Mr. Hensley's argument that his untimely state petition for post-conviction relief tolled the running of the statutory period on his federal habeas petition. (Docket #20, at 10). In his objections to the Magistrate Judge's R&R, Mr. Hensley reiterates his original arguments for considering his petition as timely and argues that "he should receive the benefit of equitable tolling." (Docket #23, at 2).

Mr. Hensley's attempt to distinguish Israfil from this case is unavailing. As in Israfil, Mr. Hensley's state petition for post-conviction relief was rejected by the state court as untimely. 276 F. 3d at 770. Accordingly, Mr. Hensley's state post-conviction petition was not properly filed within the meaning of Section 2244(d)(2) and did not toll the limitations period. Id. at 771. This conclusion is consistent with the United States Supreme Court's recent opinion in Pace v. DiGuglielmo, in which it held that if a state petition for post-conviction relief is rejected as untimely, it is not "properly filed" within the meaning of Section 2244(d)(2) and does not toll the statute of limitations on a federal habeas petition. 125 S.Ct. 1807, 1814 (2005). Because Mr. Hensley filed his federal habeas petition on 17

2

May 2004, after the one-year statute of limitations expired on 1 June 2003, the Magistrate Judge correctly found it to be untimely.

Besides arguing that his petition was in fact timely, Mr. Hensley argues in his objections that he should benefit from equitable tolling due to ineffective assistance of counsel.[1]  (Docket #23, at 2).  Specifically, he asserts that he "should receive equitable tolling for the time period in which he was being represented by the same attorney who represented him throughout the entire state courts, as well as when his post-conviction petition was pending" because his counsel was ineffective.  (Docket #23, at 2).

The petitioner bears the burden of proving that he is entitled to equitable tolling. Vroman v. Brigano, 346 F. 3d 598, 605 (6th Cir. 2003).  There are five factors for courts to consider when determining the appropriateness of equitably tolling the statute of limitations: 1) petitioner's lack of notice of the filing requirements, 2) petitioner's lack of constructive knowledge of the filing requirements, 3) diligence in pursuing one's rights, 4) absence of prejudice to the respondent, 5) petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim.  Dunlap v. U.S., 250 F. 3d 1001, 1008 (6th Cir. 2001) (adopting the test from Andrews v. Orr, 851 F.2d 146, (6th Cir. 1988)). The Andrews list of factors, however, is not necessarily comprehensive, and not all factors are relevant in each case.  Vroman, 346 F. 3d at 606.  In addition, prejudice to the respondent may only be considered if the other factors of the test are met.  Id.

The doctrine of equitable tolling is used sparingly by federal courts and usually only

---

[1] Mr. Hensley did not explicitly present this issue in his initial brief, and so the Magistrate Judge did not address it.

3

applies when a petitioner could not meet the deadline because of unavoidable circumstances beyond the petitioner's control. Juardo v. Burt, 337 F. 3d 638, 642 (6th Cir. 2003). "Absent compelling equitable considerations, a court should not extend limitations by even a day." Vroman, 346 F. 3d at 604 (citing Graham-Humphreys v. Brooks Museum of Art, Inc., 209 F. 3d 552, 561 (6th Cir. 2000). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." Griffin v. Rogers, 399 F. 3d 626, 637 (6th Cir. 2005). Generally, even "a lawyer's mistake is not a valid basis for equitable tolling." Jurado, 337 F. 3d at 644-645.

In this case, Mr. Hensley has not offered a sufficient explanation for the nearly one-year delay in filing his state petition for post-conviction relief to justify the application of equitable tolling. In claiming the delay was caused by his attorney's ineffectiveness, Mr. Hensley asserts his attorney did not put him on notice of his rights concerning state post-conviction relief or the timeliness in which it had to be filed. (Docket #23, at 2). Even if his attorney still represented him during the period in which his petition for state post-conviction relief was due – which is unclear from the record – and even if she did not inform Mr. Hensley of the post-conviction filing deadline, an attorney's mistakes are not enough to equitably toll a statute of limitations.[2] The law charges Mr. Hensley with an affirmative duty to protect his own rights for state post-conviction relief. Ignorance of filing deadlines is no excuse. Given the length of the delay, it was unreasonable for Mr. Hensley to remain ignorant of the filing requirement. Ultimately, Mr. Hensley failed to act diligently

---

[2] Mr. Hensley was only entitled to effective assistance of counsel on his first appeal of right, Evitts v. Lucey, 469 U.S. 387, 394 (1985), and he has no constitutional right to an attorney in state post-conviction proceedings, Coleman v. Thompson, 501 U.S. 727, 752-753 (1991).

4

to protect his rights; consequently, he cannot benefit from equitable tolling of the statute of limitations.

After independently reviewing the relevant case law and the parties' arguments, this Court adopts Magistrate Judge Hemann's well-reasoned conclusion that Mr. Hensley's petition is time-barred.  Accordingly, respondent's motion to dismiss is granted, and Larry R. Hensley's petition for a writ of habeas corpus is dismissed.

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 24 June 2005